[Crim. No. 8141. Second Dist., Div. Three. Oct. 17, 1962.]

THE PEOPLE, Plaintiff and Respondent, v. JOHN ACOSTA ALVARADO, Defendant and Appellant.

John Acosta Alvarado, in pro. per., and William Bronsten, under appointment by the District Court of Appeal, for Defendant and Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and Calvin W. Torrance, Deputy Attorney General, for Plaintiff and Respondent.

FILES, J.—This is an appeal from a conviction for unlawful possession of heroin and marijuana in violation of sections 11500 and 11530 of the Health and Safety Code. The sole question here is the legality of the search by which the contraband was discovered.

Appellant waived a jury trial and stipulated that the cause be submitted to the trial court on the evidence received at the preliminary hearing, but subject to objections as to admissibility. Appellant did not testify, and no evidence was offered on his behalf.

Los Angeles Police Officer Hill testified that at about 7:15 p. m. on January 10, 1961, he and his partner "staked out" to watch a particular dwelling house in Huntington Park in the course of a narcotics investigation. Approximately 30 minutes later an automobile stopped in front of the residence. One of the occupants of the car walked down the driveway to the rear of the residence and returned about three minutes later. Officer Hill approached the man and identified himself. The automobile drove off at high speed with its lights out. The man in the driveway told Officer Hill "that he had come over to score from Alvarado." He said he knew that Alvarado had scored heavily, that Alvarado was not at home and he was going to come back later that night. Officer Hill observed that this man was under the influence of narcotics and arrested him.

At about 8:30 p. m. the officers observed the appellant drive up and park his car and enter a side door of the house. Officer Hill went to the front door and knocked. He was admitted by a woman who identified herself as the landlady. Officer Hill told her he was conducting a narcotics investigation of a person who was known as John Alvarado. She said she had

a person renting a rear room under the name of Mendez. Hill described Alvarado, and she said that met the description of Mendez. She then took the officers back through a hallway, where they met appellant as he stepped out of his room into the hall. Appellant was wearing a pullover sweater. Officer Hill said, "Police officers conducting a narcotics investigation." Officer Hill then asked appellant if he was a user, and the appellant answered, "Yes." The officer then asked appellant, "Will you take your sweater off so I can see your marks?" Appellant complied. There were fresh needle marks on both arms.

The officers then placed appellant under arrest. Immediately afterwards they searched appellant's room and found both heroin and marijuana. Appellant admitted to the officers that the narcotics were his. The officers had no warrant either for the arrest or for the search.

In *People* v. *Rios,* 46 Cal.2d 297 [294 P.2d 39], an arrest was held to be justified by the defendant's statement to the officer that he had used heroin two weeks before. From the defendant's admission that he had used heroin it could be inferred that he had possessed heroin in violation of Health and Safety Code, section 11500. The Supreme Court pointed out that the officer was entitled to arrest the defendant for the offense committed earlier, even though the officer had no independent proof of the corpus delicti of the earlier offense. The *Rios* decision is controlling authority here unless a distinction can be made from the fact that the arresting officer was acting outside his city limits.

We assume, without deciding, that a Los Angeles police officer lacks the authority of a peace officer to make an arrest under Penal Code, section 836, when he is outside the city limits unless he is engaged in fresh pursuit or is executing a warrant authorizing such arrest. (See 8 Ops. Cal. Atty. Gen. 149; 6 C.J.S., Arrest, § 12; 4 Am.Jur., Arrest, § 51.) ▮▮ An arrest by a city policeman outside his territorial jurisdiction is unquestionably valid if made upon grounds which would authorize a lawful arrest by a private citizen. (*People* v. *Burgess,* 170 Cal.App.2d 36, 40 [338 P.2d 524]; *People* v. *McCarty,* 164 Cal.App.2d 322, 328 [330 P.2d 484]; *People* v. *Ball,* 162 Cal.App.2d 465, 468 [328 P.2d 276].)

In the *Rios* case the facts there presented by the officer were held to constitute grounds for a valid arrest under Penal Code, section 836, subdivision 3. As it then read, that section authorized a peace officer to make an arrest "When a felony

has in fact been committed, and he has reasonable cause for believing the person arrested to have committed it." This identical language appears in Penal Code, section 837, subdivision 3, authorizing arrests by private persons. It necessarily follows that the reasoning of the *Rios* case applies here even though it be assumed that the arresting officer had only the powers of a private citizen.

If the arrest was lawful, the search was justified as an incident of the arrest, the premises searched being immediately adjacent to the place of arrest and under the appellant's control. (*People* v. *Dixon,* 46 Cal.2d 456, 459 [296 P.2d 557].)

We see no reason to hold that under the circumstances presented here the search was any less reasonable than if it had been made by an officer employed by the City of Huntington Park. The evidence therefore was lawfully obtained by the officers and properly received by the court.

The judgment is affirmed.

Shinn, P. J., and Ford, J., concurred.

A petition for a rehearing was denied October 31, 1962, and appellant's petition for a hearing by the Supreme Court was denied December 12, 1962.