No. 47,819

STATE OF KANSAS, *Appellant*, v. JOHN C. SHIENLE, *Appellee*.

(545 P. 2d 1129)

Opinion filed January 24, 1976.

*G. Joseph Pierron*, assistant district attorney, argued the cause, and *Curt T. Schneider*, attorney general, and *Margaret W. Jordan*, district attorney, were with him on the brief for appellant.

*Louis S. Wexler*, of Wexler & Wingfield, of Shawnee Mission, argued the cause and was on the brief for appellee.

*Charles E. Wetzler*, city attorney of Prairie Village, was on the brief for the City of Prairie Village, Kansas, as amicus curiae.

The opinion of the court was delivered by

FROMME, J.: This is an interlocutory appeal by the state from an order of a district court suppressing inculpatory statements made by the defendant-appellee after his arrest in Missouri. The arrest without a warrant was held to be illegal by the trial court and the inculpatory statements were suppressed as the fruit of an illegal arrest. The facts surrounding the arrest are not in dispute.

On December 2, 1974, Yvonne P. Shienle reported the theft of her car to the police in Prairie Village, Kansas. Detective Van

Houtan investigated and was advised by Mrs. Shienle that her car had been missing since November 29, 1974. The suspect was her former husband. They had been divorced approximately two years earlier. On the evening of November 29, her former husband appeared at her house and an argument ensued. Her former husband, the defendant herein, appeared to have been drinking. Mrs. Shienle ordered him to leave. He had arrived on foot. A half hour after he left Mrs. Shienle noticed that her car was no longer in her driveway. Defendant had previously taken her car without permission, and she waited several days before reporting the theft. She gave Detective Van Houtan a full description of her car including the model and license number. She also gave him the names of several bars, including the Waldo Bar, which were patronized by the defendant.

On December 4, 1974, while attempting to locate Mrs. Shienle's car, Detective Van Houtan visited the various bars customarily patronized by the defendant. The car was located across the state line in Kansas City, Missouri. The automobile was parked in an alley behind the Waldo Bar.

Detective Van Houtan immediately got in touch with the Missouri police and requested the assistance of an auto theft unit. A Missouri police unit arrived in the alley behind the Waldo Bar. The Missouri officer was advised of the situation. He checked and confirmed the fact that the car was reported as stolen. The Missouri officer advised Detective Van Houtan that he would patrol the area, if assistance was needed Van Houtan should call him by radio. Van Houtan was further advised that if the suspect showed up and attempted to flee the suspect should be detained until help arrived.

Detective Van Houtan was personally acquainted with the defendant, Shienle. They had met on several previous occasions. After a short wait Van Houtan saw the defendant as he was leaving the Waldo Bar. The defendant walked to the stolen vehicle, placed his hand on the door handle and then turned and proceeded down the alley away from the detective. Van Houtan radioed for help and then succeeded in catching up with the defendant. The defendant was ordered to stop but continued down the alley. Van Houtan identified himself as a police officer and although defendant resisted he was handcuffed. At one point during the initial arrest Van Houtan drew his service revolver. The Missouri police officer arrived in response to the radio request. The defendant was advised of his rights by the Missouri officer

and transported to the Brookside Station in Missouri for processing. While at the station defendant admitted having been in possession of the car and stated it was "his ex-wife's car." These admissions are the inculpatory statements suppressed by the trial court.

It is admitted that at the time of defendant's arrest in Missouri no formal charges had been filed in Kansas and no warrant was outstanding. It is uncontradicted that the car was taken in Kansas and was found in Missouri where the arrest occurred.

The state contends the arrest was legal as being made on probable cause either by the Missouri officer or by Van Houtan as a private citizen. The defendant argues that the arrest was illegal if made by the Missouri police since no formal charges were pending in Kansas and the Missouri officer had no authority to arrest the defendant for a crime committed in Kansas. The defendant further argues that the arrest was actually made by the Kansas policeman and was illegal because it was made outside his jurisdiction.

"An arrest [in Missouri] is made by an actual restraint of the person of the defendant, or by his submission to the custody of the officer, under authority of a warrant or otherwise. . . ." (Vernon's Anno. Mo. Stat. § 544.180.)

The arrest was made in this case by Detective Van Houtan.

The rule requiring suppression of statements made by an accused after an illegal arrest was declared by the United States Supreme Court in the case of *Wong Sun v. United States,* 371 U. S. 471, 9 L. Ed. 2d 441, 83 S. Ct. 407. This exclusionary rule was recently examined by the high court in *Brown v. Illinois,* 422 U. S. 590, 45 L. Ed. 2d 416, 95 S. Ct. 2254, and it was pointed out that an illegal arrest *per se* does not require the suppression of all subsequent statements made by the accused. In both of the above cases the illegality of the arrests was conceded.

The high court in *Brown* rejected any *"per se* rule" which would require suppression or admission of all statements made by a defendant after his illegal arrest. Additional factors bearing on the voluntariness of the statements should be considered before such statements are held to be inadmissible or admissible. However, in view of our conclusion that the arrest was legal in this case, it becomes unnecessary in this appeal to inquire further as to the voluntary nature of these statements. In the present case we deal with the threshold question. Was the arrest legal? We believe it was.

At the outset it should be noted that the arrest was not made while in fresh pursuit and neither party contends the arrest was

made pursuant to the Uniform Fresh Pursuit Law adopted by the State of Missouri. (Vernon's Anno. Mo. Stat. § 544.155 [1].)

It is generally held a police officer acting within his official capacity cannot make an arrest outside the jurisdiction from which his authority is derived. (*Marsh v. Express Co.*, 88 Kan. 538, 129 Pac. 168; 6A C. J. S., Arrest, § 53, p. 124; 5 Am. Jur. 2d, Arrest, § 50, pp. 742, 743.)

An officer who makes an arrest without a warrant outside the territorial limits of his jurisdiction must be treated as a private person. His actions will be considered lawful if the circumstances attending would authorize a private person to make the arrest. (5 Am. Jur. 2d, Arrest, § 50, p. 742; *McCaslin v. McCord*, 116 Tenn. 690, 94 S. W. 79; *People v. McCarty*, 164 Cal. App. 2d 322, 330 P. 2d 484.)

It is generally understood a private citizen may arrest another person when a felony has been or is being committed and the person making the arrest has probable cause to believe that the arrested person is guilty thereof; or when any crime has been or is being committed by the arrested person in the view of the person making the arrest. (See K. S. A. 22-2403; 5 Am. Jur. 2d, Arrest, § 34, p. 726.)

In the absence of an applicable federal statute the law of the state where an arrest without a warrant takes place determines its validity. (*United States v. Di RE*, 332 U. S. 581, 589, 92 L. Ed. 210, 68 S. Ct. 222; *Ker v. California*, 374 U. S. 23, 24, 10 L. Ed. 2d 726, 83 S. Ct. 1623.)

The Missouri cases hold that a private citizen knowing that a felony has been or is being committed has a right to arrest the offender on probable cause without a warrant. (*State v. Parker*, 355 Mo. 916, 199 S. W. 2d 338, 340; *Hanser v. Bieber*, 271 Mo. 326, 197 S. W. 68.)

In *State v. Fritz*, 490 S. W. 2d 30 (Mo. 1973), cert. den. 411 U. S. 985, 36 L. Ed. 2d 962, 93 S. Ct. 2282, it is held that an arrest for a felony in Missouri without a warrant by a federal treasury agent acting outside of his official jurisdiction is legal when made upon probable cause.

The treasury agent in *Fritz* had been assisting the Missouri police on a voluntary basis. On his car police radio he heard a report that prowlers had been seen inside a certain residence. He responded to the call and when he arrived in the area he saw a man run across the front yard and hide behind some shrubbery. The

treasury agent alighted from his car, identified himself and ordered the man out of the bushes. When the man failed to come out the agent drew his revolver and again ordered the man out. The man complied, he was handcuffed and placed in the agent's car. The police were then called, and on their arrival the suspect was formally arrested, advised of his rights and then searched. The arrest by the treasury agent was found to be legal as one made on probable cause while acting as a private citizen. We believe the holding in *Fritz* is applicable.

Arrests without a warrant by police officers in foreign jurisdictions have been justified as arrests by private citizens in various other states. See *People v. Alvarado*, 208 Cal. App. 2d 629, 25 Cal. Rptr. 437, cert. den. 374 U. S. 840, 10 L. Ed. 2d 1060, 83 S. Ct. 1891; *State v. Hodgson*, 57 Del. 383, 200 A. 2d 567.

The defendant argues that the felony was committed in the state of Kansas, not in the state of Missouri where the arrest was made. Detective Van Houtan testified at the hearing on the admissibility of the evidence that "At approximately 5:00 p. m. the officer saw the defendant walking from the rear of the Waldo Bar, seemingly not committing any crime." Because of this statement defendant argues that Van Houtan, the arresting officer, did not have the requisite knowledge that a felony had been or was being committed in Missouri. This statement of the officer is taken out of context and too narrowly construed. It was made and limited solely to the appearance and actions of the defendant at the time he walked from the rear of the Waldo Bar. Van Houtan related that thereafter defendant walked to the stolen car and "started to get in it," then turned and started down the alley. The question of commission of a felony and probable cause for an arrest depends upon all the facts and circumstances of a case.

Under the Missouri statutes the defendant had committed a felony for which he was subject to prosecution. The pertinent statute reads:

"541.040. Larceny in another state, where tried

"Every person who shall steal, or obtain by robbery, the property of another in any other state or country, and shall bring the same into this state, may be convicted and punished for larceny in the same manner as if such property had been feloniously stolen or taken in this state, and in any such case the larceny may be charged to have been committed, and every such person may be indicted and punished, in any county into or through which such stolen property shall have been brought." (Vernon's Anno. Mo. Stat. § 541.040.)

Larceny of an automobile in Missouri is punishable as a felony. (Vernon's Anno. Mo. Stat. § 560.165.)

The car had been reported stolen in Kansas. It was located in Missouri. The officer had information from the victim which made the defendant a prime suspect. The stolen car was parked in an alley behind a bar which the officer had been advised was frequented by the prime suspect. The defendant had been in the bar and the officer saw him leave by the back door. The defendant then proceeded directly to the parked car and started to get into it.

There can be little doubt under the facts of this case that a felony had been and was being committed in both Kansas and Missouri. The presence of the car in that state, the actions of the defendant viewed by the officer and the information obtained from the victim gave the officer probable cause to believe the defendant had stolen the car from his former wife and had driven it into the state of Missouri.

The defendant argues that if law enforcement officers are permitted to cross state lines and make arrests we will be condoning a vigilante type of society. We do not agree. The actions of Detective Van Houtan were reasonable and justifiable. When he located the stolen vehicle in Missouri he immediately enlisted and received the complete cooperation of the Missouri police. They verified the fact that the vehicle was stolen. They saw the car parked in the alley within their jurisdiction. There was no doubt that a crime had been and was being committed in the state of Missouri. Thereafter the prime suspect appeared, started to get into the stolen vehicle, and then turned and started down the alley. Detective Van Houtan acted reasonably in arresting him before he could make his escape. The Missouri police were immediately notified of the arrest. They responded to Van Houtan's call, advised the defendant of his rights and transported him to the police station for processing. The fact that the state of Missouri waived its right to prosecute the defendant would not make an otherwise legal arrest illegal.

When an arrest without a warrant is made by a Kansas police officer outside the territorial limits of his jurisdiction the arrest may be a legal private citizen's arrest when it is established that: (1) arrests by private citizens are recognized as legal in the state where the arrest is made; (2) a felony has been or was being committed in that state; (3) the arresting officer had probable cause

to believe the person arrested is guilty thereof; and (4) the officer acted reasonably under the exigencies attending the arrest.

The order of the trial court suppressing the statements of the defendant is reversed and the case is remanded for trial.