No. 54,647

STATE OF KANSAS, *Appellant,* v. DEBBIE HENNESSEE, *Appellee.*

(658 P.2d 1034)

 Opinion filed
February 19, 1983. 

*Philip D. Lunt,* county attorney, argued the cause and *Robert T. Stephan,* attorney general, was with him on the brief for the appellant.

*Eldon L. Meigs,* of Pratt, argued the cause and was on the brief for the appellee.

The opinion of the court was delivered by

HERD, J.: This is an appeal by the State from an order dismissing the case because of improper arrest. The issue arose in the following fashion. On June 1, 1981, a complaint was filed in the district court of Pratt County charging Debbie Hennessee with the theft of a microwave oven in violation of K.S.A. 21-3701. Based on this complaint a warrant for Hennessee's arrest was issued the same day.

The appellee lived in Stafford County. The Pratt County sheriff, Ray McGuire, traveled from Pratt County to Hennessee's residence in Stafford County and arrested her with warrant in hand. Present at the time of the arrest were Gary Pettijohn, an agent for the KBI, and Stafford County Sheriff Bill Christy. McGuire had previously called Christy and requested him to meet McGuire at Hennessee's residence. It is undisputed McGuire made the actual arrest. Appellant's counsel also conceded at oral argument McGuire was not in fresh pursuit of Hennessee and that Sheriff Christy did not request McGuire's assistance.

Hennessee was taken into custody and formally charged with theft, K.S.A. 21-3701, and later burglary, K.S.A. 21-3715. Prior to trial, defense counsel moved the charges against appellee be dismissed because the Pratt County sheriff had no authority to

make the arrest in Stafford County. After a hearing on the issue the trial court dismissed the action.

Did the trial court err in dismissing the complaint on the grounds the Pratt County sheriff acted beyond his authority? This case involves the interpretation of two statutes. First, K.S.A. 19-812 states:

"The sheriff, in person or by his undersheriff or deputy, shall serve and execute, according to law, all process, writs, precepts and orders issued or made by lawful authority and to him directed, and shall attend upon the several courts of record held in his county, and shall receive such fees for his services as are allowed by law."

More specifically, K.S.A. 22-2401a provides:

"(1) Law enforcement officers employed by consolidated county law enforcement agencies or departments and sheriffs and their deputies may exercise their powers as law enforcement officers anywhere within their county and also may exercise such powers in any other county when in fresh pursuit of a person.

. . . .

"(3) In addition to the areas where law enforcement officers may exercise their powers pursuant to subsection (1) or (2), law enforcement officers may exercise their powers as law enforcement officers in any area outside their normal jurisdiction when a request for assistance has been made by law enforcement officers from the area for which such assistance is requested."

The State relies on K.S.A. 19-812 for the proposition the Pratt County sheriff was acting within his authority when he arrested Ms. Hennessee. Admittedly the statute places no limitation upon the territory in which a sheriff may operate. Further, the statute applies to the execution of an arrest warrant since "process" refers to a "warrant, writ, order, mandate or other formal writing, issued by some court, body or official having authority to issue process . . . ." *State v. Wagoner*, 123 Kan. 586, 588, 256 Pac. 959 (1927). See also *State v. Lamb*, 209 Kan. 453, 468, 497 P.2d 275 (1972), *overruled on other grounds, State v. Jacques*, 225 Kan. 38, 587 P.2d 861 (1978), where the court, citing the statute, upheld the execution of a search warrant in Bourbon County by Johnson County sheriff's officers.

The enactment of K.S.A. 22-2401a in 1977, however, changes things. There a specific limitation was placed on the extraterritorial exercise of power by law enforcement officers. This statute, instead of K.S.A. 19-812, is operative here for two reasons. First, where there is a conflict between two statutes the latest legislative expression controls. *Farmers State Bank & Trust Co.*

*of Hays v. City of Yates Center,* 229 Kan. 330, 338, 624 P.2d 971 (1981). Second, in *State, ex rel., v. Dreiling,* 136 Kan. 201, 14 P.2d 644 (1932), the court recognized that a specific limitation on a general statute like K.S.A. 19-812 would control. In denying a rehearing of the case the court, through Justice Burch, succinctly stated:

"In the statute defining the authority of constables the territory within which a constable may act is twice specifically limited to the county. [Citation omitted.] The court held this territory may not be enlarged except by a statute of enlargement, and R.S. 62-605 does not authorize a constable to go beyond the confines of his county to make an arrest except in what amounts to fresh pursuit. It is contended in a petition for rehearing that a sheriff has no more authority to go outside the county to serve criminal process issued by a justice of the peace than a constable.

"The statute defining the authority of sheriffs contains no limitation similar to that contained in the statute relating to constables, and grants general authority to execute process issued and delivered to him. [Citation omitted.] Because there is no territorial limitation on the authority of a sheriff to execute a warrant of arrest, the contention is not well founded." pp. 201-02.

If K.S.A. 22-2401a is the applicable statute the dispositive question then becomes whether Sheriff McGuire was acting within the scope of that statute when he arrested Ms. Hennessee. Pursuant to K.S.A. 22-2401a there are only two instances in which a sheriff may exercise his powers outside his county: (1) when he is in "fresh pursuit" of a person, or (2) when a request for assistance has been made by law enforcement officers from the area for which such assistance is requested.

As previously recited it is conceded Sheriff McGuire was not in "fresh pursuit," nor was his assistance requested by Sheriff Christy when he arrested Ms. Hennessee. Therefore, the exceptions to the general rule that a sheriff may not exercise his powers outside his county do not apply.

It is clear Sheriff McGuire acted beyond the statutory authorization of K.S.A. 22-2401a.

The judgment is affirmed.

McFARLAND, J., dissenting: I believe the majority opinion is overly technical in both its rationale and conclusions.

A crime was committed in Pratt county. A warrant was issued for the arrest of Debbie Hennessee as the perpetrator thereof. Ray McGuire, Pratt County Sheriff, knew Ms. Hennessee and also knew she lived in Stafford County, two miles from the

county line. McGuire called Bill Christy, Stafford County Sheriff, to assist in serving the warrant. Two agents of the Kansas Bureau of Investigation were also involved at the request of McGuire.

McGuire and Gary Pettijohn (one of the KBI agents) stepped up on the porch to make the arrest. When Ms. Hennessee opened the door McGuire handed her the warrant and told her she was under arrest. At the time Pettijohn was beside Christy and was the man who subsequently read Ms. Hennessee her rights. Also on the porch, a short distance away, was Christy, who saw the whole process.

Three law officers were in the immediate arrest scene. Christy obviously was fully authorized to make the arrest as he was the local sheriff. Pettijohn had equal authority to make the arrest pursuant to K.S.A. 75-712 as follows:

"Each member of the bureau [KBI] shall possess all powers and privileges which are now or may be hereafter given to the sheriffs of the state of Kansas."

Therefore, two of the three officers had full authority to make the arrest. All three men testified McGuire was the only one able to identify Ms. Hennessee. As Sheriff McGuire testified:

"Ray [McGuire] had called and said they had a—he had a warrant for Debbie Hennessee and that he knew her and I gave him permission to come into Stafford County and make the arrest, that I would meet him at the house."

The arrest could logically be considered the joint effort of all three officers. At the very least it was the joint effort of McGuire and Pettijohn. When two law officers are jointly involved in making an arrest, I think it matters not which one actually says the words, "You are under arrest." The authority of officers should be considered jointly and collectively in determining whether the arrest was lawful.

This court has never hesitated to consider arresting officers' conduct collectively if one of them makes an impermissible search, seizure or interrogation. The State, in such circumstances, is not permitted to isolate the erring officer and rely on the propriety of the actions of the other officers. Rather the actions of the officers are considered collectively.

Further, in determining whether an officer making a *warrantless* arrest has the requisite probable cause, the knowledge of all other officers involved in the investigation is imputed to the arresting officer even though such other officers are not even in

the area of the arrest. *State v. Niblock,* 230 Kan. 156, 631 P.2d 661 (1981); *State v. Washington,* 226 Kan. 768, 602 P.2d 1377 (1979).

In *State v. Shienle,* 218 Kan. 637, 545 P.2d 1129 (1976), we held a *warrantless* arrest by a Kansas officer of a man in Missouri was proper even though no hot pursuit was involved. A car had been stolen in Kansas. Five days later the Kansas officer investigating the crime saw the vehicle parked in Missouri. The Kansas officer arrested the thief as he reentered the vehicle. The Kansas officer had requested that local officers assist him. We held:

"When an arrest without a warrant is made by a Kansas police officer outside the territorial limits of his jurisdiction the arrest may be a legal private citizen's arrest when it is established that: (1) arrests by private citizens are recognized as legal in the state where the arrest is made; (2) a felony has been or was being committed in that state; (3) the arresting officer had probable cause to believe the person arrested is guilty thereof; and (4) the officer acted reasonably under the exigencies attending the arrest." Syl. ¶ 4.

In the case before us we are not dealing with a warrantless arrest. A valid felony warrant had been issued for Ms. Hennessee's arrest. An arrest with a warrant differs considerably from a warrantless arrest. Probable cause for the arrest has already been found by a magistrate. The officer serving the warrant has no discretion on whether to serve same and the actual service is rather ministerial in nature. An arrest without a warrant is a discretionary act on the officer's part and obviously greater safeguards are necessary to prevent abuse. Certainly a police officer should not be permitted to arrest on whim.

Under the totality of the circumstances herein, I believe the authority for service of the warrant and arrest must be considered the collective or joint authority of the officers involved in the arrest—McGuire, Pettijohn and Christy. At the very least McGuire and Pettijohn were both directly involved. Pettijohn was so deeply a part of the arrest he could not even recall whether he or McGuire actually told Ms. Hennessee she was under arrest. Certainly Pettijohn or Christy had full authority to arrest Ms. Hennessee. It is unrealistic, unreasonable and overly technical to single out one of the jointly participating officers and invalidate an arrest because the one officer is not in his own county. It was wholly logical to have the only officer who could identify the person named in the warrant be in the forefront of

the activity. The arrest was obviously the result of a reasonable and coordinated interdepartment plan approved by the local sheriff who was also present.

I would hold the arrest was lawful and reverse the trial court.

MILLER, J., joins in the foregoing dissenting opinion.