(856 P.2d 1340)

No. 68,193 [1]

STATE OF KANSAS, *Appellee*, v. WESLEY A. ROWE, *Appellant*.

Opinion filed June 4, 1993.

*Robert D. Hecht* and *Michael S. Greiving*, of Scott, Quinlan & Hecht, of Topeka, for appellant.

*Robert J. L. Matthews IV*, county attorney, and *Robert T. Stephan*, attorney general, for appellee.

Before ROYSE, P.J., GERNON, J., and THEODORE B. ICE, District Judge, assigned.

ICE, J.: Defendant Wesley A. Rowe bases his appeal on the trial court's denial of his pretrial motion to suppress evidence which partially resulted in defendant's convictions for driving while under the influence of alcohol and driving while his license was suspended.

The trial of the case was on a stipulation of facts. The City of Wamego police department responded to an emergency 911 telephone call on September 2, 1991. The caller reported a car had pulled into her driveway and she was concerned about what was going on. The Wamego police department went to investigate.

The caller's residence is in Wabaunsee County and Wamego is across the county line in a different county. A Wabaunsee County sheriff's officer, hearing the radio traffic of the Wamego officers, responded by stating over the radio that he was on his way.

Upon arrival at the Wabaunsee County residence, the Wamego officers found the defendant passed out and awakened him, whereupon he tried to leave the scene. Upon the Wamego officers taking his car keys, the defendant became combative, and the officers physically restrained him. The defendant appeared confused and intoxicated. A short time later, the Wabaunsee County sheriff's officer arrived and conducted his investigation.

The defendant's pretrial motion to suppress alleged an illegal arrest by the Wamego officers based on the argument that the Wamego officers were outside their jurisdictional limits.

K.S.A. 22-2401a(2) reads in part: "Law enforcement officers employed by any city may exercise their powers as law enforcement officers: . . . (b) in any other place when a request for assistance has been made by law enforcement officers from that place . . . ." The district court found no oral or written request for assistance in this case; however, it held that because the Wabaunsee County sheriff's officer knew that the Wamego city police officers were responding but did not refuse them access, the Wabaunsee County sheriff's officer consented and impliedly requested assistance.

Interpretation of a statute is a question of law, and this court is not bound by the decisions of the district court. *Memorial Hospital Ass'n., Inc. v. Knutson,* 239 Kan. 663, 668, 722 P.2d 1093 (1986). Further, in a case decided on stipulated facts, the appellate court has de novo review. *Lightner v. Centennial Life Ins. Co.,* 242 Kan. 29, 744 P.2d 840 (1987).

While the definition of "request" may be broad enough to include an implied request, the Supreme Court found in *State v. Hennessee,* 232 Kan. 807, 658 P.2d 1034 (1983), that an arrest in Stafford County by a Pratt County sheriff was invalid because no request was made by the Stafford County sheriff even though the Stafford County sheriff was present and assisted in the arrest. The same situation is present in the instant case. While the Wabaunsee County sheriff's officer later arrived, his actions and statements amounted at best to acquiescence or acceptance of

the Wamego officers' assistance but did not constitute a request. Therefore, the instant case cannot be decided on the basis of an "implied request."

The State argues that the "request for assistance" came from a longstanding oral agreement between the Wabaunsee County sheriff and the City of Wamego chief of police which provides that Wamego police officers may assist in emergency situations near the county line for the purposes of holding a situation stable until Wabaunsee County officers can arrive. The defendant does not dispute the existence of the agreement but contends that the statute requires assistance requests be made on a case-by-case basis. Defendant cites no authority for this argument. The State, on the other hand, counters that grafting such additional requirements onto K.S.A. 22-2401a(2) was specifically disapproved in *State v. Ross,* 247 Kan. 191, 795 P.2d 937 (1990). In the *Ross* case, the Supreme Court rejected the contention that the statute requires an actual need for assistance, stating: "There is nothing in the statute demonstrating that such was the legislative intent." 247 Kan. at 194.

*Todd v. Kelly,* 251 Kan. 512, 515, 837 P.2d 381 (1992), sets forth a rule of statutory construction requiring a presumption that the legislature intended the statute to be given a reasonable construction so as to avoid unreasonable and absurd results. Under this rule of construction, the term "request for assistance" should be interpreted to include agreements similar to the one between the Wabaunsee County sheriff and the City of Wamego chief of police. To do otherwise would severely limit county sheriff's officers' ability to respond quickly and efficiently to emergencies. The agreement between the Wabaunsee County sheriff and the Wamego chief of police is narrowly drawn and requests assistance only in situations where an emergency exists, if near the county line, and until a Wabaunsee County sheriff's officer arrives.

The agreement between the Wabaunsee County sheriff and the City of Wamego chief of police is a request for assistance in accordance with K.S.A. 22-2401a(2)(b), and therefore the Wamego police officers' detention and arrest of the defendant should be considered a legal exercise of their authority since the three conditions of the agreement exist. Because the trial court's ruling

on the authority of the Wamego police officers to detain and arrest the defendant in this case is sustained, although for different reasons, it is unnecessary to discuss defendant's further arguments regarding suppression of additional evidence under the fruit of the poisonous tree doctrine.

Affirmed.