No. 71,687

STATE OF KANSAS, *Appellant*, v. GEORGE D. MILLER, *Appellee*.
(896 P.2d 1069)

Opinion filed June 2, 1995.

*Edwin R. Smith*, county attorney, argued the cause, and *Carla J. Stovall*, attorney general, was with him on the briefs for the appellant.

*Jean K. Gilles Phillips*, assistant appellate defender, argued the cause, and *Joycelyn Lucas*, student intern, and *Jessica R. Kunen*, chief appellate defender, were with her on the brief for the appellee.

The opinion of the court was delivered by

ABBOTT, J.: This is a direct appeal by the State pursuant to K.S.A. 1993 Supp. 22-3602(b)(1) from the dismissal of a complaint charging the defendant, George D. Miller, with burglary, contrary to K.S.A. 1993 Supp. 21-3715, and theft, contrary to K.S.A. 1993 Supp. 21-3701.

The dispositive issues are the lack of a record and the effect of a law enforcement officer making an arrest outside the officer's jurisdiction.

The defendant was charged with one count of theft and one count of burglary arising from an incident at the John Knight residence in Osage City, Osage County, Kansas.

The defendant filed a motion to dismiss the charges, arguing that his arrest, which was made in the city of Lyndon, in Osage County, was unlawful because it was made by Osage City police officers outside their jurisdiction. The State filed a brief in opposition, arguing that the arrest was a valid citizen's arrest and that summary dismissal because of a technical defect was improper. After the presentation of evidence the magistrate judge granted the defendant's motion, and the complaint was dismissed. The magistrate judge relied on *State v. Hennessee*, 232 Kan. 807, 658 P.2d 1034 (1983). Both counsel believed at the time that a record was being made when evidence was presented to the magistrate judge.

The State appealed to the district court. Both parties then were informed no record had been made of the earlier proceedings. Both parties filed briefs giving somewhat different versions of what occurred and what the testimony was. The district judge, by letter, informed the parties that unless he heard from them he would decide the case on the motions and briefs submitted.

The parties then filed a stipulated statement of facts which the district judge considered in addition to the defendant's written motion to dismiss and briefs filed by the State.

The stipulated facts, in pertinent part, are as follows:

"On October 31, 1993, Osage City Police Officer Newman was dispatched to the John Knight residence located at 232 N. 12th Street in Osage City, Kansas on

a report by Teresa Knight of an alleged burglary and theft. Office[r] Newman completed a 12 page report on the alleged incident on October 31, 1993.

"On December 26, 1993, Officer Newman received information from Officer Mitalski of the Osage City Police Department that the defendant herein may have been involved in the October 1993 alleged burglary and theft at the John Knight residence. Officer Mitalski received this information on the evening of December 26, 1993 from juveniles he had been interrogating in regard to an unrelated burglary and theft in Osage City.

"On December 27, 1993, shortly after midnight, based on the juveniles' 'tip,' Officer Newman and Osage City Police Chief Mathey decided to go to the defendant's residence located in Lyndon, Kansas.

"The officer arrived at the defendant's residence at 12:15 a.m. and requested the defendant to come with them to the Osage County Sheriff's Office 'to answer some questions'.

"According to Officer Mitalski's police report, which was introduced as an exhibit at the January 12, 1994 hearing on defendant's Motion to Dismiss, the defendant was already placed under arrest when he was Mirandized and asked questions regarding the burglary and theft at 12:30 a.m. in the Sheriff's Office.

"Officer Newman disputes Officer Mitalski's report and instead insists that only at the conclusion of the defendant's questioning in the Osage County Sheriff's Office did Officer Mitalski, who was not even present at the defendant's residence or during the questioning of the defendant, inform the defendant that he was placing him under arrest.

"At the January 12, 1994 hearing on the defendant's Motion to Dismiss, Officer Newman testified that when he left his jurisdiction to go to the City of Lyndon to question the defendant at his residence, he felt he had enough information to obtain an arrest warrant but he instead, knowing he did not have proper jurisdiction, decided to go to Lyndon under the guise of a 'police investigation' so he could avoid judicial arrest warrant channels.

. . . .

"The State stipulates and agrees that on December 27, 1993, the Osage City Police Officers were without jurisdictional police power under K.S.A. 22-2401a or its 'fresh pursuit' or 'request for assistance' exceptions . . . ."

The parties agreed that the defendant relied on *State v. Hennessee*, 232 Kan. 807, as controlling authority, and the State contended the remedy for a jurisdictional violation is suppression of evidence, not dismissal of the case, as was affirmed in *Hennessee*. The State also contended that the Osage City police officers made a valid citizen's arrest pursuant to K.S.A. 22-2403.

The district judge denied the State's appeal in a one-paragraph order, which states:

"Now on this 4th day of April, 1994, plaintiff, State of Kansas' appeal is denied. The Court incorporates by reference the defendant's Memorandum of Law in his Motion to Dismiss as the Court's findings of fact and conclusions of law."

The stipulation of facts filed by the parties does not significantly differ from the facts set forth in the defendant's motion to dismiss.

The memorandum of law sets forth K.S.A. 22-2401a, which provides in pertinent part:

"(2) Law enforcement officers employed by any city may exercise their powers as law enforcement officers:

(a) Anywhere within the city limits of the city employing them and outside of such city when on property owned or under the control of such city; and

(b) in any other place when a request for assistance has been made by law enforcement officers from that place or when in fresh pursuit of a person."

The district judge then adopted the defendant's argument as follows:

"The Kansas Supreme Court case of *State v. Hennessee*, 232 Kan. 807 (1983) is factually similar to the case at bar and should be dispositive of the issues herein.

"Although *Hennessee* involved a county deputy's authority to exercise his police powers outside the jurisdiction of his home county, the language of the two applicable provisions of the same statute (K.S.A. 22-2401a[a] in *Hennessee* and K.S.A. 22-2401a[b] in the case at bar) are identical.

"In *Hennessee*, the Pratt County Sheriff traveled to the defendant's known residence in Stafford County to arrest the defendant with a warrant he had secured that same day. The Pratt County Sheriff was accompanied to the defendant's residence by the Stafford County Sheriff and the K.B.I. whom had jurisdiction in Stafford County. The Supreme Court upheld the trial court's dismissal of the case pursuant to K.S.A. 22-2401a, despite the fact that the sheriff was accompanied by two officers having jurisdiction in Stafford County.

"The Supreme Court reasoned that the Pratt County Sheriff acted beyond the scope of his statutory police power in arresting the defendant and therefore, the case was properly dismissed by the trial court. *Hennessee*, 232 Kan. at 807, 809.

"Clearly, the Osage City Officers acted outside the scope of their statutory authority and jurisdiction. Thus, the charges filed against the accused must be dismissed as a matter of law."

The first problem here is the lack of a record. The parties were under the impression when the case was briefed and argued in this court that there was no record of the evidence presented to the magistrate judge. After oral argument in this court, the parties learned that a record had been made of the proceedings before

the magistrate judge and was available to be transcribed. The State requested permission to have the transcript prepared and filed with this court.

This court has consistently held that new evidence cannot be presented for the first time on appeal. See *Volt Delta Resources, Inc. v. Devine*, 241 Kan. 775, 782, 740 P.2d 1089 (1987). The record of proceedings before the magistrate judge was never presented to the district judge and therefore will not be considered by this court.

The stipulated facts form a sufficient basis for the district court and this court to render a decision. This is so even though the State in at least one area has not offered sufficient evidence in the record on appeal to support its position.

## I. CITIZEN'S ARREST

The State concedes that the Osage City police officers were not acting within their jurisdiction pursuant to K.S.A. 22-2401a(2) when they arrested the defendant in Lyndon. They were outside the city limits of Osage City, and there was no request for assistance from Lyndon or Osage County law enforcement, nor were they in fresh pursuit.

The State acknowledges this court's decision in *Hennessee* but distinguishes it and instead relies on this court's earlier decision in *State v. Shienle*, 218 Kan. 637, 545 P.2d 1129 (1976). *Shienle* involved a car stolen in Prairie Village, Kansas. The suspect was the victim's ex-husband. The victim informed police of a Missouri bar the suspect frequented. A Prairie Village officer located the car across the state line in Kansas City, Missouri. The officer requested the assistance of Missouri police, who confirmed that the car was reported as stolen. The Missouri officer advised the Kansas officer that he would patrol the area and that the Kansas officer should call him by radio if he needed assistance. The Missouri officer also advised the Kansas officer that if the suspect showed up and attempted to flee, the suspect should be detained until help arrived. When the suspect showed up, touched the door handle of the car, and then proceeded down an alley, the Kansas officer ordered the suspect to stop. He identified himself as a police officer and ar-

rested the suspect, at one point drawing his service revolver. The Missouri officer arrived and advised the suspect of his rights. The suspect admitted he was in possession of the car, but the trial court suppressed the confession, holding that the statement was the fruit of an illegal arrest in Missouri. 218 Kan. at 638-39.

This court concluded that the arrest was legal. 218 Kan. at 639. This court recognized that generally a police officer acting within his official capacity cannot make an arrest outside the jurisdiction from which his authority is derived but then stated:

"An officer who makes an arrest without a warrant outside the territorial limits of his jurisdiction must be treated as a private person. His actions will be considered lawful if the circumstances attending would authorize a private person to make the arrest. [Citations omitted.]

"It is generally understood a private citizen may arrest another person when a felony has been or is being committed and the person making the arrest has probable cause to believe that the arrested person is guilty thereof; or when any crime has been or is being committed by the arrested person in the view of the person making the arrest. (See K.S.A. 22-2403; 5 Am. Jur. 2d, Arrest, § 34, p. 726.)" 218 Kan. at 640.

Looking at Missouri law, this court cited *State v. Fritz*, 490 S.W.2d 30 (Mo.), *cert. denied* 411 U.S. 985 (1973), which held that a warrantless arrest for a felony in Missouri by a federal treasury agent acting outside his official jurisdiction is legal when made upon probable cause. This court also recognized that warrantless arrests by police officers in foreign jurisdictions have been justified as arrests by private citizens in other states, citing cases from California and Delaware. 218 Kan. at 641.

This court determined that the Kansas officer had probable cause to believe the defendant had committed a felony in Missouri (bringing stolen property into the state) as well as in Kansas by stealing the car from his former wife and driving it into Missouri. This court also pointed out that the actions of the Kansas officer were reasonable and justifiable. He enlisted the help of the Missouri police and then arrested the defendant before defendant could make his escape. 218 Kan. at 642. The Missouri police officers were immediately notified of the arrest. This court adopted the following test:

"When an arrest without a warrant is made by a Kansas police officer outside the territorial limits of his jurisdiction the arrest may be a legal private citizen's arrest when it is established that: (1) arrests by private citizens are recognized as legal in the state where the arrest is made; (2) a felony has been or was being committed in that state; (3) the arresting officer had probable cause to believe the person arrested is guilty thereof; and (4) the officer acted reasonably under the exigencies attending the arrest." 218 Kan. at 642-43.

The State contends that the case at bar is more similar to *Shienle* than to *Hennessee.* Its argument is that the defendant's warrantless arrest by an Osage City police officer outside his jurisdiction was lawful as a citizen's arrest. K.S.A. 22-2403 provides for arrests by private persons:

"A person who is not a law enforcement officer may arrest another person when:
(1) A felony has been or is being committed and the person making the arrest has probable cause to believe that the arrested person is guilty thereof; or
(2) any crime, other than a traffic infraction, has been or is being committed by the arrested person in the view of the person making the arrest."

We note that *Hennessee* did not discuss whether the defendant's arrest in Stafford County by the Pratt County sheriff may have been lawful as a citizen's arrest. The argument was simply not made to this court.

The defendant argues that the plain language of K.S.A. 22-2403 shows it does not apply to his arrest by an Osage City police officer. The defendant highlights the opening language of the statute: "A person who is not a law enforcement officer . . . ." The defendant reasons that a person who is a law enforcement officer remains a law enforcement officer even when outside the officer's normal jurisdiction. He contends that because the person who arrested him was a law enforcement officer, 22-2403 clearly does not apply.

The defendant's argument is incorrect. Although K.S.A. 22-2403 does not specifically define the term "law enforcement officer," the definition of that term for purposes of the Kansas code for criminal procedure, including K.S.A. 22-2403, is found in K.S.A. 1993 Supp. 22-2202(13):

." 'Law enforcement officer' means any person who by virtue of office or public employment is vested by law with a duty to maintain public order or to make arrests for violation of the laws of the state of Kansas or ordinances of any municipality thereof . . . while acting within the scope of their authority."

Because Officer Mitalski was not acting within the scope of his authority pursuant to K.S.A. 22-2401a at the time of the defendant's arrest, Officer Mitalski was not a law enforcement officer as that term is used in K.S.A. 22-2403. A law enforcement officer cannot be deemed to have given up the rights he or she would enjoy as a citizen merely by virtue of being employed as a law enforcement officer. Officer Mitalski was eligible to make a citizen's arrest pursuant to K.S.A. 22-2403 when acting outside the scope of his powers under K.S.A. 22-2401a.

As recognized by this court in *Shienle*, 218 Kan. at 640-41, the general rule is that a law enforcement officer who makes a warrantless arrest outside the territorial limits of the officer's jurisdiction must be treated as a private person. That court cited the following: *People v. Alvarado*, 208 Cal. App. 2d 629, 25 Cal. Rptr. 437 (1962), *cert. denied* 374 U.S. 840 (1963); *People v. McCarty*, 164 Cal. App. 2d 322, 330 P.2d 484 (1958); *State v. Hodgson*, 57 Del. 383, 200 A.2d 567 (1964); *McCaslin v. McCord*, 116 Tenn. 690, 94 S.W. 79 (1906); and 5 Am. Jur. 2d, Arrest § 50, p. 742. Other cases holding that arrests by law enforcement officers outside their assigned jurisdictions were lawful as citizen's arrests include the following: *State v. Goldberg*, 112 Ariz. 202, 540 P.2d 674 (1975); *Phoenix v. State*, 455 So. 2d 1024 (Fla. 1984); *State, Dept. of Public Safety v. Juncewski*, 308 N.W.2d 316 (Minn. 1981); *State v. MacDonald*, 260 N.W.2d 626 (S.D. 1977).

This court in *Shienle* recognized that an arrest by a Kansas law enforcement officer outside the officer's jurisdiction was lawful as a citizen's arrest. The defendant distinguishes *Shienle* as relying on Missouri, rather than Kansas, law to justify the arrest as a citizen's arrest. That is a distinction without a difference. Like Missouri, Kansas recognizes the validity of citizen's arrests. K.S.A. 22-2403. A citizen's arrest may be effected when a felony has been committed and the person making the arrest has probable cause to believe the person arrested is guilty of that felony or when any crime except a traffic infraction has been or is being committed by the arrested person in the view of the person making the arrest.

Here, we need look no further than the probable cause issue. According to the stipulation, the officers had actual knowledge a

burglary and theft had occurred in Osage City. A juvenile being investigated for an unrelated burglary told a third officer, who relayed the information to the arresting officers, "that the defendant herein *may* have been involved" in the Osage City burglary and theft. (Emphasis added.) That someone not involved in a burglary and theft tells a third person that someone else *may* have been involved in a specific burglary and theft would not lead a reasonably cautious law enforcement officer to believe reasonable grounds existed to arrest the person so named.

We were led to believe from the briefs and oral argument that evidence was introduced before the magistrate judge that would provide probable cause, but the stipulation does not contain any evidence showing probable cause. Since there is no probable cause in the record on appeal to support a citizen's arrest, we cannot uphold the defendant's arrest as a citizen's arrest on the record before us.

We need not address the defendant's "under color of office" argument, which should be considered by the district judge on remand. See, for example, *Phoenix v. State*, 455 So. 2d at 1025.

The defendant also argues that Officer Mitalski did not act under exigent circumstances in arresting him, a requirement imposed by *Shienle*. The Kansas citizen's arrest statute, K.S.A. 22-2403, contains no requirement that a citizen's arrest be made under exigent circumstances, nor is such a requirement in the cases from other jurisdictions. However, in the interest of safeguarding against improper use of police power, such a requirement may be appropriate when a law enforcement officer makes a citizen's arrest. There is no information in the record concerning whether the defendant's arrest here was made under exigent circumstances. The facts do show that the arrest was made in the early hours of the morning and that the officers felt there was enough information to obtain an arrest warrant after information was obtained from juveniles interrogated about an unrelated case. The defendant reasons that the arrest was not made in good faith because, rather than obtaining an arrest warrant, the Osage City officers left their jurisdiction under the "guise" of an investigation in order to defeat the territorial limits of K.S.A. 22-2401a. The fact that the officers elected

to proceed without an arrest warrant does not show bad faith. There may have been exigent circumstances because rather than take the time to obtain an arrest warrant, the defendant's immediate arrest was necessary in order to prevent the defendant from disposing of any stolen property he might have had in his possession should he find out that he had been "ratted on."

The district court erred in finding that the defendant's arrest was unlawful under *Hennessee*. On remand, the court should consider whether the arrest was valid as a citizen's arrest in accordance with this opinion.

## II. DISMISSAL OF CHARGES

The State also argues that even if the defendant's arrest was unlawful, dismissal of the charges was an inappropriate remedy. In *Hennessee*, this court affirmed the district court's dismissal of charges where the defendant's arrest was unlawful pursuant to K.S.A. 22-2401a. However, in *Hennessee*, neither the parties nor this court discussed whether another remedy, such as suppression of evidence, would have been a more appropriate remedy. *Hennessee* provides no authority for dismissal of charges as the only remedy for an unlawful arrest.

This issue was squarely addressed by this court in *State v. Weis*, 246 Kan. 694, 792 P.2d 989 (1990). Weis was detained and questioned without probable cause and arrested after she made incriminating statements. The trial court dismissed the complaint. This court stated:

"We agree with the trial court's determination that without probable cause the officers had illegally seized Weis. But that finding alone does not prevent Weis from being prosecuted. Jurisdiction of a court to try a person accused of a crime is not divested by the fact he or she may have been unlawfully arrested. *United States v. Crews*, 445 U.S. 463, 63 L. Ed. 2d 537, 100 S. Ct. 1244 (1980), *cited in State v. Hammond*, 4 Kan. App. 2d 643, 645, 609 P.2d 1171, *rev. denied* 228 Kan. 807 (1980); *State v. Addington*, 205 Kan. 640, 644, 472 P.2d 225 (1970); *Hanes v. State*, 196 Kan. 404, 411 P.2d 643 (1966); *State v. Cook*, 194 Kan. 495, 399 P.2d 835 (1965). An unlawful arrest, without more, does not give the accused immunity from prosecution nor provide a defense to a valid conviction." 246 Kan. at 697.

This court agreed with the district court's determination that Weis' statements were tainted by the illegal arrest and therefore inadmissible. This court then stated:

"There is no statutory authority for the trial judge to dismiss the complaint against this defendant because of the illegal arrest. Illegal detention does not in itself mandate the charges being dismissed. See *State v. Addington*, 205 Kan. at 645 (unlawful arrest where substantial rights are prejudiced vitiates a conviction); *State v. Hammond*, 4 Kan. App. 2d at 645-46 (evidence seized at time of unlawful arrest is inadmissible). *The usual sanction for an illegal arrest is not the dismissal of the charges against the accused, but a prohibition against the introduction into evidence of statements or admissions made by the defendant while in custody.*

"Though the trial judge correctly prohibited the introduction into evidence of the statements made by Weis while illegally held in custody, the judge abused his discretion by dismissing the charges against the defendant. The sanction of dismissing a criminal complaint is one that should be used 'only under extremely compelling circumstances.' *State v. Crouch & Reeder*, 230 Kan. 783, 788, 641 P.2d 394 (1982). Under the facts, Weis' unlawful arrest did not give her immunity from prosecution. The State may still have sufficient evidence, not tainted by the illegal arrest, to try the defendant." (Emphasis added.) 246 Kan. at 699.

The defendant distinguishes *Weis* because there, the defendant's arrest was unlawful because the police did not have probable cause, whereas here, the defendant's arrest was unlawful because the police violated the scope of their authority pursuant to K.S.A. 22-2401a. The defendant's argument seems to be that an arrest outside the officer's jurisdiction is more egregious than an arrest without probable cause; therefore, in the former instance dismissal is necessary, whereas in the latter a lesser remedy may be appropriate. An arrest with probable cause outside the officer's jurisdiction seems, if anything, less egregious than an arrest made in the officer's jurisdiction but without probable cause. In either scenario, *Weis* makes it clear that dismissal of a criminal complaint lies in the trial court's discretion and is appropriate "only under extremely compelling circumstances."

"[I]t is generally accepted that the illegal arrest does not affect the power of the state to proceed with the prosecution. That is, an illegal arrest does not divest the trial court of jurisdiction over the defendant or otherwise preclude his trial." 1 LaFave, Search and Seizure § 1.9 (2d ed. 1987). See *Gerstein v. Pugh*, 420 U.S. 103,

43 L. Ed. 2d 54, 95 S. Ct. 854 (1975); *Mahon v. Justice*, 127 U.S. 700, 32 L. Ed. 283, 8 S. Ct. 1204 (1888); *Ker v. Illinois*, 119 U.S. 436, 30 L. Ed. 421, 7 S. Ct. 225 (1886); *United States ex rel. Lujan v. Gengler*, 510 F.2d 62 (2d Cir.), *cert. denied* 421 U.S. 1001 (1975). See also *United States v. Alvarez-Machain*, 504 U.S. 655, 119 L. Ed. 2d 441, 112 S. Ct. 2188 (1992) (court found to have jurisdiction despite defendant's forcible abduction from Mexico).

The rule is that if the accused is in the jurisdiction of the court, the court has jurisdiction to try the accused regardless of how the accused was brought into the jurisdiction. There are exceptions, such as when an accused has been tortured by law enforcement personnel, etc., none of which occurred in *Hennessee* or in the case at bar. An unlawful arrest may affect the admissibility of evidence.

The compelling circumstances necessary to justify dismissal are not present here. Even if the defendant was unlawfully arrested, there is no indication that the State lacked sufficient evidence to try the defendant for the crimes with which he was charged. The magistrate judge abused his discretion in dismissing the charges against the defendant, and the district judge erred in denying the State's appeal.

Suppression of any statement the defendant made at the time of the defendant's arrest may be appropriate, as well as applying the fruit of the poisonous tree doctrine. Neither the magistrate judge nor the district judge addressed suppression and there has been no indication whether any evidence may have been the product of an unlawful arrest. It is left to the district judge to determine whether any evidence should be suppressed.

To the extent *State v. Hennessee*, 232 Kan. 807, 658 P.2d 1034 (1983), is inconsistent with any part of this opinion, it is overruled.

Reversed and remanded.

HOLMES, C.J., and ALLEGRUCCI, J., concur in the result.