(620 P.2d 1181)
No. 51,451

STATE OF KANSAS, *Appellee,* v. THOMAS W. HARGIS, *Appellant.*
Petition for review denied February 20, 1981.

Opinion filed December 31, 1980.

*J. Steven Schweiker* of David R. Gilman & Associates, of Overland Park, for the appellant.

*Michael B. Buser* and *G. Joseph Pierron,* Assistant District Attorneys, *Dennis W. Moore,* District Attorney, and *Robert T. Stephan,* Attorney General, for the appellee.

Before SWINEHART, P.J., ABBOTT and PARKS, JJ.

PARKS, J.: This is an appeal from a conviction of unlawful use of a weapon. K.S.A. 1979 Supp. 21-4201.

Defendant and a friend, Richard Kresin, held commissions as special deputies with the Wyandotte County Sheriff's office. Additionally, Kresin was employed as a school security guard while defendant worked as a fire fighter. During an unofficial undercover narcotics investigation undertaken by Hargis and Kresin in March 1979, a .38 caliber revolver Hargis was carrying discharged and wounded John Redman. As a result, Hargis was charged with the unlawful use of a firearm.

At trial, defendant relied on an exclusion included within K.S.A. 1979 Supp. 21-4201 which excepts the possession of a revolver by law enforcement officers. Hargis was convicted in a jury trial and now appeals.

During the trial, testimony was introduced regarding a book entitled *Kansas Criminal Procedure Handbook* and on redirect examination of defendant, his counsel attempted to introduce the book itself into evidence. Defendant argues that the book was relevant to the issue of his intent and that a limiting instruction could have been given to prevent the jury from relying on the book as a statement of law. The State argued that the handbook was hearsay evidence which purported to represent the law and that reference to the handbook was not responsive to defense counsel's question.

The admissibility of physical evidence lies within the discretion of the trial court and is to be determined on the basis of its relevance in connection with the accused and the crime charged. *State v. Nicholson,* 225 Kan. 418, 419-20, 590 P.2d 1069 (1979). Here, defendant was allowed to repeat non-hearsay statements concerning his reliance on the handbook in order to establish his state of mind. Additionally, the essence of the law printed in the handbook was given to the jury as part of the instructions. We conclude that the trial court did not commit any abuse of discretion in excluding the handbook.

Defendant's second point on appeal is that the instruction given by the trial court to define the statutory exception for law enforcement officers erroneously restricted defendant's theory of defense. An accused is entitled to instructions on his theories of defense if they are supported by any evidence whatsoever. *State v. Antwine,* 4 Kan. App. 2d 389, 607 P.2d 519 (1980). It is the function of the appellate court to determine whether the record discloses any evidence which, considered in the light most favorable to defendant, would have justified giving the requested instructions. *State v. Farmer,* 212 Kan. 163, 165, 510 P.2d 180 (1973). In the present case, the exception excusing possession of a revolver applied if the defendant was a law enforcement officer or was assisting a law enforcement officer in making arrests or preserving the peace. The court's Instruction No. 7 only allowed the jury to excuse defendant on the grounds of the first contingency. To determine whether the court erred in taking away the

defense of assisting a law officer, we must examine the record for *any* evidence which would suggest that this defense applied.

Assuming *arguendo* that Kresin could qualify as a law enforcement officer, the record is devoid of evidence which would suggest that Hargis was assisting Kresin to make arrests or to preserve the peace. Both Kresin and defendant testified that their purpose in meeting with Farrar was to investigate possible narcotics activity with an aim toward obtaining sufficient evidence to possibly secure a warrant. There was no intent to make an arrest and no arrest was made. Furthermore, it cannot be argued reasonably that undercover narcotics investigation is tantamount to preserving the peace.

Moreover, the only distinguishing evidence which might justify classifying Kresin, but not Hargis, as a law enforcement officer was the former's position as a school security guard. The powers of this position are set out in K.S.A. 1979 Supp. 72-8222. The authority of a school security officer includes general law enforcement powers and privileges, but extends only so far as the officer is acting in a protective capacity on school property. Clearly, Kresin exceeded any authority he may have had as a school guard.

Since Kresin's job as a school security guard could not be considered as the basis of finding him to be a law enforcement officer, he and defendant stood on the same footing. Thus, the court's exclusion of the defense of assisting a law enforcement officer did not result in error or prejudice to defendant.

Defendant also complains that the inclusion of the term "elected" before the word "office" in the definition of law enforcement officer given to the jury, departed from the statutory definition (K.S.A. 1979 Supp. 21-3110[10]), and restricted the scope of the defense. The court's definition may well have restricted the appellant's defense but in light of our conclusion that defendant was not, as a matter of law, acting as a law enforcement officer, this error was harmless at best.

Neither K.S.A. 1979 Supp. 22-2202(11) nor K.S.A. 1979 Supp. 74-5602(*e*) include special deputies in their descriptions of law enforcement officers. In addition, the appointment of special deputies and the authority of these deputies is controlled by specific provisions in K.S.A. 1979 Supp. 19-805a and K.S.A. 19-805b. These deputies have the statutory right to assert the general powers of law enforcement officers only in the event of

"riot, sabotage or serious disturbances or breach of the peace." K.S.A. 19-805b. Thus, the power of a special deputy is not co-extensive with that of a law enforcement officer except in certain emergency situations. We hold that under the circumstances of this case, defendant was not acting as a law enforcement officer as that term is used in K.S.A. 1979 Supp. 21-4201.

The defendant next contends that the jury's verdict was not supported by the evidence. The issue on review is whether, when the evidence is viewed in the light most favorable to the prosecution, a rational factfinder could have found the defendant guilty beyond a reasonable doubt. *State v. Tillery,* 227 Kan. 342, 345, 606 P.2d 1031 (1980). Our review of the record convinces us that there was sufficient evidence of defendant's guilt.

Defendant's final and main complaint is that the condition of his probation which required him to pay the victim's medical expenses was unreasonable and unrelated to the offense for which he was convicted.

The grant of probation and the conditions of release are a matter within the sound discretion of the trial court. *State v. Adams,* 218 Kan. 495, 545 P.2d 1134 (1976). K.S.A. 1979 Supp. 21-4610(*h*) specifically grants a court the authority to release a defendant on probation under the condition that he "[m]ake reparation or restitution to the aggrieved party for the damage or loss *caused by the offense* . . . ." (Emphasis supplied.) In our opinion, the causal link is satisfied in this case because the victim would not have been shot except for defendant's unlawful possession of a revolver.

Affirmed.