Larry Welch, Director Kansas Bureau of Investigation 1620 S.W. Tyler Topeka, Kansas 66612-1837
Dear Mr. Welch:
As Director of the Kansas Bureau of Investigation you ask our opinion regarding whether a community correctional officer is considered a law enforcement officer for purposes the Private Investigative or Security Operations Act. The applicable statute provides:
 "No law enforcement officer or any person who holds a special commission from any law enforcement agency of the federal government or of the state or any political subdivision thereof may be licensed as a private detective or private detective agency." K.S.A. 75-7b02(c).
For purposes of the Act, "law enforcement officer" means "a law enforcement officer as defined by K.S.A. 21-3110," which is found with the Kansas Criminal Code. K.S.A. 75-7b01(e). There "law enforcement officer" means:
 • any person who by virtue of such person's office or public employment is vested by law with a duty to maintain public order or to make arrests for crimes, whether that duty extends to all crimes or is limited to specific crimes,
• any officer of the Kansas department of corrections, or
 • any employee of the Kansas department of corrections for the purposes of K.S.A. 21-3409 (assault of a law enforcement officer), 21-3411 (aggravated assault of a law enforcement officer), 21-3415 (aggravated battery against a law enforcement officer) and subsection (a)(2) of K.S.A. 21-3414 (aggravated battery). K.S.A. 21-3110(10).
By definition a community correctional officer is not an officer or employee of the Kansas Department of Corrections. Thus the issue becomes whether, by virtue of his public employment, a community correctional officer is vested by law with a duty to maintain public order or to make arrests for crimes.
The purpose of a community correctional services program is to provide services "including, but not limited to restitution programs, victim services programs, preventive or diversionary correctional programs, community corrections centers and facilities for the detention or confinement, care or treatment of adults charged with or convicted of crime or of juveniles being detained or adjudged to be delinquent, miscreant or a juvenile offender." K.S.A. 75-5291(a). Such a program, established by a county or group of counties has the power to employ a director, other officers, employees and agents to implement its mission. K.S.A. 75-5295. A community correctional officer is employed to carry out specific components of the program.
In limited circumstances a community correctional officer may assert custody over persons who have been convicted of crimes and are on probation, assigned to a community correctional services program, serving a nonprison sanction or are otherwise fulfilling conditions of a suspended sentence. In any of those circumstances, a community correctional services officer is authorized to make a warrantless arrest upon his judgment that a client has violated a condition of release or a nonprison sanction. K.S.A. 22-3716.
In State v. Hargis, 5 Kan. App. 2d 608 (1980), the Court considered the question of whether a special deputy is a law enforcement officer in the context of a firefighter who also held a commission as a special deputy with the Wyandotte County Sheriff's Office. The issue was whether K.S.A.21-4201, which excludes law enforcement officers from the prohibition against carrying of a concealed pistol or revolver, was applicable to the firefighter/special deputy. The Court stated that special deputies have the statutory right to assert the general powers of law enforcement officers only in the event of certain enumerated situations. Further, that the power of a special deputy was not coextensive with that of a law enforcement officer because a deputy's law enforcement powers applied only in those specified situations.
A former Attorney General opined that the police power conferred upon a firefighter was not coextensive with that of a law enforcement officer. There the applicable statute vested firefighters with specified police powers which included the power to make arrests for violations of any lawful order made under the statute. Based on the rationale of Hargis,
the Attorney General opined:
 "[T]he statute vests members of an organized fire department with police powers, but no duty to maintain public order or make arrests for crimes. The power to maintain public order and make arrests is statutorily granted should the need arise to exercise such police powers while performing firefighting duties, but a firefighter's duty by virtue of his or her public employment is to fight fires and duties attendant thereto, not to maintain public order or make arrests for crimes." Attorney General Opinion No. 82-171.
As in Hargis, a community correctional officer may exercise his power of arrest only in the event of a statutorily specified occurrence: when a client has violated a condition of release or a nonprison sanction. Thus, based on Hargis, we opine that the limited arrest authority conferred on a community correctional officer is not coextensive with that of a law enforcement officer whose duties include maintaining public order or making arrests for crimes. We therefore conclude that a community correctional officer is not a "law enforcement officer" for purposes of the Private Investigative or Security Operations Act.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Camille Nohe Assistant Attorney General
CJS:JLM:CN:jm