Robert D. Hecht, District Attorney Shawnee County Courthouse, Suite 214 200 S.E. 7th Street Topeka, Kansas 66603
Dear Mr. Hecht:
As District Attorney for the Third Judicial District, you request our opinion regarding whether a person employed by a unified school district as a school law enforcement officer has the authority to engage in certain law enforcement activities. Specifically, you ask the following:
"1) May a `school law enforcement officer' under the authority of K.S.A. 72-8222 or any other relevant statute conduct radar or other methods of speed control or `speed traps' for the purposes of determining speed violations and the stopping of vehicles and issuing citations to the drivers thereof for speeding on public streets not owned by the School District but owned by other governmental entities and not bordering school property?
"2) Would the answer to number one (1) above be different if the public street owned by a governmental entity other than the School District was a street which bordered school property?
"3) May `school law enforcement officers' exercise general law enforcement powers, rights, privileges, protections and immunities in, at or on public streets not adjacent to school property which are school bus stops and/or school bus loading zones where students are regularly picked up or dropped off in regards to the transportation of students to and from public school attendance centers?
"4) Are public streets owned by the State, or County, or City, which border school properties, considered `areas adjacent thereto' as contemplated by K.S.A. 72-8222 for the purpose of school law enforcement officers exercising general law enforcement authority thereon?
"5) May school law enforcement officers stop pedestrians who appear of such an age that their not being in school would make them a truant under the provisions of K.S.A. 38-1502(a)[(6)][1] when they are not on school property or areas adjacent thereto? [and]
"6) May school law enforcement officers stop vehicles that are not on school property or areas adjacent thereto which vehicles are on public streets owned by the State, County, or City when the occupants reasonably appear of such an age that their not being at school would make them truant under the provisions of K.S.A.38-1502(a)[(6)]?"[2]
Prior to determining the issues you present, we believe it is important to clarify our understanding of terminology regarding classifications of school security officers. Based on information provided to us, it appears there are three categories of officers involved in performing the protective function of school property, personnel, and pupils: "school resource officer," "school security officer," and "school law enforcement officer." A "school resource officer" is a law enforcement officer employed by a local law enforcement agency who is assigned to a unified school district through an agreement between the local law enforcement agency and the school district. A "school security officer" is a person who is employed by a unified school district for the purpose of aiding and supplementing state and local law enforcement agencies, regardless whether the person is a law enforcement officer or has any connection with local law enforcement agencies. Any school security officer may be designated by a board of education as being a "school law enforcement officer,"[3] permitting such officer to receive instruction at the Law Enforcement Training Center.[4] Initially, we are asked to review the authority of a person appointed as a school law enforcement officer. As a follow-up, you ask us whether the authority of a school law enforcement officer is modified if the person serving in such capacity "is granted some kind of special commission or otherwise `deputized' by a sheriff or police department."[5] We, therefore, are not reviewing the authority of a school resource officer in this opinion.
"A school district has only such power and authority as is granted by the legislature and its power to contract, including contracts for employment, is only such as is conferred either expressly or by necessary implication."[6]
"The board of education of any school district . . . may employ school security officers, and may designate any one or more of such school security officers as a school law enforcement officer, to aid and supplement law enforcement agencies of this state and of the community in which the school district . . . is located. The protective function of school security officers and school law enforcement officers shall extend to all school district property and the protection of students, teachers and other employees together with the property of such persons on or in any school . . . property or areas adjacent thereto, or while attending or located at the site of any school . . . sponsored function. While engaged in the protective functions specified in this section, each school security officer and each school law enforcement officer shall possess and exercise all general law enforcement powers, rights, privileges, protections and immunities in every county in which there is located any part of the territory of the school district. . . ."[7]
 JURISDICTION
The jurisdiction in which an officer may perform the protective functions for which the officer is employed is established by State statute.[8] The Legislature, "[p]resumably . . . recogniz[ing] that the safety and security of school personnel, teachers and students were not in all instances adequately protected by school security officers whose protective function stopped at the edge of the school site,"[9] chose in 1976 to expand the area in which a school law enforcement officer exercises authority.[10] The Legislature has determined that the jurisdiction of a school law enforcement officer "extend[s] to all school district property and the protection of students, teachers and other employees together with the property of such persons on or in any school . . . property or areas adjacent thereto, or while attending or locatedat the site of any school . . . sponsored function."[11]
"It is a fundamental rule of statutory construction, to which all other rules are subordinate, that the intent of the legislature governs if that intent can be ascertained. (Citation omitted.) The legislature is presumed to have expressed its intent through the language of the statutory scheme it enacted. When a statute is plain and unambiguous, the court must give effect to the intention of the legislature as expressed, rather than determine what the law should or should not be. (Citation omitted.) Stated another way, when a statute is plain and unambiguous, the appellate courts will not speculate as to the legislative intent behind it and will not read such a statute so as to add something not readily found in the statute."[12]
Through the plain language of the statute, jurisdiction of a school law enforcement officer is based on location, as well as control or ownership, of property. Clearly, the protective function of a school law enforcement officer may be performed on any school property, on property adjacent to school property, or at sites at which school-sponsored activities are taking place. Adjacent areas are those areas "[l]ying near or close to; sometimes, contiguous; neighboring. Adjacent implies that the two objects are not widely separated, though they may not actually touch. . . ."[13] Adjacent areas are not necessarily adjoining.[14]
Therefore, a "[s]chool [law enforcement] officer may exercise general police powers in areas adjacent to school sites proper, which may include areas not immediately adjoining the school property, but which are regular paths of travel and gathering points for students and/or school personnel adjacent to the school property."[15] Jurisdiction is not limited to school property, but rather may be exercised on streets and areas owned by other governmental entities when such streets and areas are adjacent to school property. Therefore, a school law enforcement officer may perform the protective functions for which the officer was employed on any streets and at school bus stops and loading zones that are adjacent to school property regardless whether the adjacent streets or school bus stops or loading zones are owned by the school district or another governmental entity.
 AUTHORIZED ACTIVITIES
A school security officer is employed to "aid and supplement law enforcement agencies of this state and of the community in which the school district . . . is located."[16] "The authority of a school security officer includes general law enforcement powers and privileges, but extends only so far as the officer is acting in a protective capacity" within the jurisdictional areas of the school security officer.[17] The function of the school security officer is "to protect school property, students, and fellow employees as well as the property adjacent to school property or property adjacent to the site of a school-sponsored activity, such as a sports contest."[18] A school security officer is not a law enforcement officer[19] possessing the authority to arrest individuals.[20]
The Legislature has for limited purposes distinguished the authority of a school law enforcement officer from that of a school security officer. During its 1987 legislative session, the Legislature, apparently in response to an opinion issued by the Attorney General,[21] amended K.S.A. 72-8222 and provisions of the Kansas Law Enforcement Training Act.[22] The amendments authorize a board of education to "designate any one or more of [its] school security officers as a school law enforcement officer"[23] who is then deemed a "`[p]olice officer' or `law enforcement officer'"[24] under the Law Enforcement Training Act. "The amendments were enacted for the purpose of allowing designated school security officers to attend the Law Enforcement Training [Center]"[25] so they could receive training geared towards "promot[ing] and develop[ing] improved law enforcement personnel and procedures throughout the state. . . ."[26] While satisfactory completion of the training program is required in order to maintain appointment as a law enforcement officer,[27] the authority of a school law enforcement officer continues to be governed by K.S.A. 72-8222.[28]
The Legislature has not conferred upon a school law enforcement officer the express authority to engage in activities beyond protection of school property, students, and fellow employees.[29] Express authority to make arrests is conferred upon: city law enforcement officers;[30]
sheriffs, undersheriffs and deputies;[31] the state fire marshal, the state fire marshal's deputies and full-time fire prevention personnel assigned investigation duties;[32] conservation officers, deputy conservation officers and other employees of the Kansas Department of Wildlife and Parks;[33] the director and each agent and employee designated by the director of Alcoholic Beverage Control;[34] members of the Kansas Highway Patrol[35] and the Capitol Area Security Patrol;[36] designated employees of the Kansas Lottery Commission[37] and Kansas Racing Commission;[38] and university police officers.[39]
There is no provision expressly granting such authority to a school law enforcement officer. A school law enforcement officer is not a "law enforcement officer" for purposes other than attending the Law Enforcement Training Center.[40] The school law enforcement officer does not acquire additional authority upon completing the training program at the Law Enforcement Training Center. The function of the school law enforcement officer is to aid and supplement law enforcement agencies of this State and of the community in which the school district is located by protecting students, teachers and other employees together with the property of such persons on or in any school property or areas adjacent thereto, or while attending or located at the site of any school sponsored function.
 Speed Limits
The board of education of any school district is authorized to adopt rules and regulations prescribing speed limits on the roads, streets, driveways, and parking facilities located within the grounds of a unified school district.[41] The speed limits on those grounds may be enforced by the "agents, security guards, or other employees" of the school district.[42] The Legislature, however, has not expressly conferred upon a school law enforcement officer the authority to enforce speed limits in areas off school grounds.
Maximum speed limits are established by state statute or local resolution or ordinance.[43] A violation of a speed limit established in Article 15 of Chapter 8 of the Kansas Statutes Annotated results in a traffic infraction.[44]
"(a) A law enforcement officer may prepare and deliver to a person a written traffic citation on a form approved by the division of motor vehicles, if the lawenforcement officer stops the person for a violation of:
"(1) The uniform act regulating traffic on highways, which violation is a misdemeanor or a traffic infraction. . . ."[45]
As previously noted, a school security officer who has been designated as a school law enforcement officer is such only for the purpose of attending the Law Enforcement Training Center. Therefore, a school law enforcement officer is not a "law enforcement officer" under K.S.A. 8-266
and does not possess the authority to issue a written traffic citation for violation of a speed limit.
 Truants
Children between the ages of seven years and 18 years, with some exceptions, are required to attend either a public school or a private, denominational or parochial school.[46] Any child who does not attend school in accordance with State law may be deemed a "child in need of care."[47]
Each unified school district is obligated to designate an employee who will notify parents when it is apparent that a pupil is not attending school.[48] If a pupil continues to be absent from school, the designated school employee is required to notify the secretary of social and rehabilitation services, if the pupil is less than 13 years of age, or the county or district attorney, if the pupil is 13 or more years of age.[49] The official receiving the notification will then investigate the matter and take appropriate action.[50]
Subsection (d)(2) of K.S.A. 2001 Supp. 72-1113 states that:
"Whenever a law enforcement officer assumes temporary custody of a child who is found away from home or school without a valid excuse during the hours school is actually in session, and the law enforcement officer delivers the child to the school in which the child is enrolled or to a location designated by the school in which the child is enrolled to address truancy issues, the designated employee of the board of education shall serve notice thereof upon a parent or person acting as parent of the child. The notice may be oral or written and shall inform the parent or person acting as parent of the child that the child was absent from school without a valid excuse and was delivered to school by a law enforcement officer."
A school law enforcement officer is a law enforcement officer for the limited purpose of attending the Law Enforcement Training Center. Therefore, subsection (d)(2) does not confer upon a school law enforcement officer the authority to stop and detain a child the school law enforcement officer believes is not attending school in accordance with State law. The role of the school law enforcement officer remains a protective function performed in or on school property and areas adjacent thereto and areas in or on which a school-sponsored activity is conducted. A school law enforcement officer does not possess the authority to stop and detain, in areas that are not on school property, a child the officer believes is not attending school as required by law.
 SPECIAL STATUS
You did not cite any statutory authority under which a school law enforcement officer would be "granted some kind of special commission or otherwise `deputized' by a sheriff or police department."[51] The only statutes we have been able to locate that make any reference to special appointments by a sheriff or police department are K.S.A. 13-508; 19-805a, 19-805b, and 75-7b02.[52]
Pursuant to K.S.A. 13-508, "[t]he mayor [of a city of the first class] . . . shall at all times have power to appoint such number of special policemen as he or she may in cases of emergency deem necessary to preserve the peace of the city, and to dismiss the same at pleasure. . . ." By the clear language of the statute, such special policemen exercise authority only in time of emergency and only in order to preserve the peace of the city.
A sheriff is authorized to appoint an undersheriff[53] and "additional deputies and assistants necessary to carry out the duties of the office, for whose official acts the sheriff is responsible."[54] A person may be deputized to perform a particular act.[55] A sheriff in a county having a population in excess of 100,000 has additional authority "to appoint so many special deputies as the sheriff deems proper and for whose official acts the sheriff shall be responsible."[56]
"[S]pecial deputies appointed pursuant to K.S.A. 19-805a, and amendments thereto, may be limited in their authority to perform the acts of a peace officer in or about certain specified premises or relating thereto, but shall have a general right in event of riot, sabotage or serious disturbances or breach of the peace to call upon and deputize any other peace officer or private citizen to assist such special deputy in quelling such riot or disturbance."[57]
"These deputies have the statutory right to assert the general powers of law enforcement officers only in the event of `riot, sabotage or serious disturbances or breach of the peace.' [Citation omitted.] Thus, the power of a special deputy is not co-extensive with that of a law enforcement officer except in certain emergency situations."[58] Whether a school law enforcement officer concurrently appointed as a deputy or special deputy may engage in certain law enforcement activities will depend on the parameters of the appointment as set forth by the sheriff.
A person who is employed as a school law enforcement officer may undertake certain law enforcement activities despite the fact that such an officer is not a law enforcement officer.[59]
"A person who is not a law enforcement officer may arrest another person when:
"(1) A felony has been or is being committed and the person making the arrest has probable cause to believe that the arrested person is guilty thereof; or
"(2) any crime, other than a traffic infraction or a cigarette or tobacco infraction, has been or is being committed by the arrested person in the view of the person making the arrest."[60]
A person employed as a school law enforcement officer does not have authority under K.S.A. 2001 Supp. 22-2403 to arrest anyone for violations of speed limits. A person may, however, make an arrest if the commission of a crime, other than those violations exempted from the provision, is witnessed by the person or the person has probable cause to believe that the detainee has committed a felony.
In review, jurisdiction of a school law enforcement officer is based on location, as well as control or ownership, of property. A school law enforcement officer may perform the protective functions for which the officer is employed on any streets and at school bus stops and loading zones that are adjacent to school property regardless whether the adjacent streets and school bus stops and loading zones are owned by the school district or another governmental entity. A school law enforcement officer may enforce on roads, streets, and parking lots on school grounds those speed limits established by a board of education. A school law enforcement officer does not have authority to issue citations for traffic infractions occurring on roads, streets, and parking lots that are not part of the school grounds. A school law enforcement officer does not possess the authority to stop and detain, in areas that are not on school property, a child the officer believes is not attending school as required by law.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Richard D. Smith Assistant Attorney General
CJS:JLM:RDS:jm
[1] Subsection (a)(6) of K.S.A. 2001 Supp. 38-1502, as amended by L. 2002, Ch. 36, § 1, defines "child in need of care" as a child who "is not attending school as required by K.S.A. 72-977 or 72-1111, and amendments thereto." Citation in the opinion request to subsection (a)(10) of the statute, which deals with court ordered or designated placements, appears to be in error.
[2] Correspondence, Robert D. Hecht, April 19, 2002.
[3] K.S.A. 72-8222.
[4] K.S.A. 2001 Supp. 74-5605.
[5] Correspondence, Robert D. Hecht, April 26, 2002.
[6] NEA-Wichita v. U.S.D. No. 259, 234 Kan. 512, 517 (1983), quotingGragg v. U.S.D. No. 287, 6 Kan. App. 2d 152, Syl. ¶ 3 (1981). Seealso Miller v. Board of Education, U.S.D. No. 470, 12 Kan. App. 2d 368,373 (1987); Munguia v. U.S.D. No. 328, 125 F.3d 1353, 1356 (10th Cir. 1997).
[7] K.S.A. 72-8222.
[8] See, i.e., K.S.A. 2001 Supp. 22-2401a; State v. Miller, 257 Kan. 844
(1995); City of Junction City v. Riley, 240 Kan. 614 (1987); State v.Hennessee, 232 Kan. 807 (1983).
[9] Attorney General Opinion No. 77-276.
[10] L. 1976, Ch. 321, § 1. At the time this amendment was enacted, the Legislature had not yet recognized "school law enforcement officers."See L. 1987, Ch. 277, § 1. Because the jurisdiction of a "school security officer" and a "school law enforcement officer" is at this time identical, and in order to minimize confusion, we will use the term "school law enforcement officer" as including both types of officers.
[11] K.S.A. 72-8222 (emphasis added).
[12] Moore v. Bird Engineering Co., P.A., No. 83,302 (Kan. March 8, 2002), quoting In re Marriage of Killman, 264 Kan. 33, 42-43 (1998).
[13] Black's Law Dictionary 38 (1979) (emphasis in original).
[14] See Black's Law Dictionary 39 (1979).
[15] Attorney General Opinion No. 77-276.
[16] K.S.A. 72-8222.
[17] State v. Hargis, 5 Kan. App. 2d 608, 610 (1980), rev. denied 299 Kan. 679 (1981).
[18] Attorney General Opinion No. 77-63.
[19] State v. Hargis, 5 Kan. App. 2d at 610; Attorney General Opinions No. 86-139; 77-63.
[20] See In the Matter of L.A., D.O.B.: 6-8-81, 270 Kan. 879, 889
(2001); K.S.A. 2001 Supp. 22-2401.
[21] See Attorney General Opinion No. 86-139 ("school security officer" not a "law enforcement officer" and, therefore, is not eligible for attendance at the Law Enforcement Training Academy).
[22] K.S.A. 74-5601 et seq. See L. 1987, Ch. 277, §§ 1-6.
[23] L. 1987, Ch. 277, § 1, codified at K.S.A. 72-8222.
[24] L. 1987, Ch. 277, § 2, codified at K.S.A. 2002 Supp. 74-5602.
[25] Attorney General Opinion No. 98-59.
[26] K.S.A. 2001 Supp. 74-5603. See also K.S.A. 2001 Supp. 74-5604a.
[27] K.S.A. 2001 Supp. 74-5607a; 74-5616; 74-5617.
[28] See Attorney General Opinions No. 96-76; 94-152.
[29] Compare K.S.A. 32-808; 41-201; 74-2108; 74-8714; K.S.A. 2001 Supp. 74-8807; 76-726.
[30] K.S.A. 12-4111 ("to detain persons, to place them in custody, and to arrest them").
[31] K.S.A. 19-813 ("apprehending or securing any person for felony or breach of the peace").
[32] K.S.A. 31-157 ("shall have the authority to make arrests").
[33] K.S.A. 32-808 ("empowered to make arrests"); 32-1048 ("power to arrest").
[34] K.S.A. 41-201 ("shall have the authority to make arrests").
[35] K.S.A. 74-2109 ("[a]ny person arrested by a member of the patrol").
[36] K.S.A. 2001 Supp. 75-4503 ("[a]ll persons arrested by a member of the capitol area security patrol"); K.S.A. 75-4509 ("a person arrested by a member of the capitol area security patrol").
[37] K.S.A. 74-8714 ("[m]ake arrests").
[38] K.S.A. 2001 Supp. 74-8807 ("[m]ake arrests").
[39] K.S.A. 2001 Supp. 76-726 ("may investigate and arrest persons").
[40] See, i.e., K.S.A. 12-4113 (code for municipal courts); 19-4708 (enforcement of county codes and resolutions); 21-3409 (assault of a law enforcement officer); 21-3411 (aggravated assault of a law enforcement officer); K.S.A. 2001 Supp. 21-3413 (battery against a law enforcement officer); 21-3415 (aggravated battery against a law enforcement officer).
[41] K.S.A. 72-9102.
[42] Id.
[43] K.S.A. 8-1557 et seq.
[44] K.S.A. 8-2104(c); 8-2106(a)(1); 8-2116(a); 12-4113(m); K.S.A. 2001 Supp. 21-3105(2). See K.S.A. 8-2118.
[45] K.S.A. 8-2106 (emphasis added). See also K.S.A. 12-4214; 22-2401a(c)(6).
[46] K.S.A. 2001 Supp. 72-1111. See K.S.A. 2001 Supp. 72-977.
[47] K.S.A. 2001 Supp. 38-1502(6), as amended by L. 2002, Ch. 36, § 1.
[48] K.S.A. 2001 Supp. 72-1113.
[49] K.S.A. 2001 Supp. 72-1113(a). See Attorney General Opinion No.2000-60.
[50] K.S.A. 2001 Supp. 72-1113(e) and (f).
[51] Correspondence, Robert D. Hecht, April 26, 2002
[52] K.S.A. 75-7b02(c) states that "[no] person who holds a special commission from any law enforcement agency of the federal government or of the state or any political subdivision thereof may be licensed as a private detective or private detective agency." It does not provide any information regarding how special commissions are made or what authority is conferred through such appointments.
[53] K.S.A. 19-803.
[54] K.S.A. 19-805.
[55] Id.
[56] K.S.A. 19-805a (emphasis added).
[57] K.S.A. 19-805b.
[58] State v. Hargis, 5 Kan. App. 2d 608, 610-11 (1980).
[59] See State v. Hamman, No. 86,509, Syl. ¶ 1 (Kan. March 8, 2002).
[60] K.S.A. 2001 Supp. 22-2403 (emphasis added).