(798 P.2d 66)
No. 64,754

CITY OF PRAIRIE VILLAGE, KANSAS, *Appellant*, v. MARK W. EDDY, *Appellee*.

Opinion filed July 13, 1990.

*M. Bradley Watson*, assistant city attorney, for appellant.

*Timothy J. Turner*, of Overland Park, for appellee.

Before GERNON, P.J., ELLIOTT and RULON, JJ.

GERNON, J.: In this interlocutory appeal, the City of Prairie Village appeals from an order of the district court sustaining Mark W. Eddy's motion to suppress evidence obtained as a result of his arrest for driving under the influence of alcohol. We reverse and remand.

Eddy was originally arrested for a traffic infraction. A Prairie Village police officer first observed Eddy's vehicle at 95th and Nall Avenue within the city limits of Prairie Village. The officer's attention was drawn to the vehicle when Eddy came to a complete stop at that intersection, despite the fact that the signal light was green at the time. The vehicle then turned right onto Nall Avenue and proceeded northbound, but did not use a turn signal. The officer, knowing that a failure to use a turn signal is a violation of a municipal ordinance, followed the vehicle northbound on Nall. Eddy's vehicle proceeded north at a speed of approximately 20 m.p.h. The vehicle turned into the parking lot of a vacant

office building in Overland Park. The officer followed the vehicle into the parking lot and arrested Eddy.

Eddy was convicted in municipal court, filed an appeal with the district court, and filed a motion to suppress "any and all evidence obtained following the arrest." Eddy argued that the arrest itself was unlawful.

The trial court sustained the motion to suppress, reasoning that a municipal traffic infraction does not constitute a "crime" under K.S.A. 22-2401a, and, thus, the officer's conduct did not qualify as fresh pursuit. The City appealed.

The City raises two issues on appeal: (1) Is a traffic infraction a "crime" under K.S.A. 22-2401a and 21-3105, and (2) did the officer's actions constitute "fresh pursuit" under K.S.A. 22-2401a?

Whether a traffic infraction constitutes a "crime" is a question of law. Appellate review of a question of law is unlimited. *Hutchinson Nat'l Bank & Tr. Co. v. Brown*, 12 Kan. App. 2d 673, 674, 753 P.2d 1299, *rev. denied* 243 Kan. 778 (1988).

K.S.A. 21-3105 provides a statutory definition of the term "crime."

"A crime is an act or omission defined by law and for which, upon conviction, a sentence of death, imprisonment or fine, or both imprisonment and fine, is authorized or, in the case of a traffic infraction, a fine is authorized. Crimes are classified as felonies, misdemeanors and traffic infractions.

"(1) A felony is a crime punishable by death or by imprisonment in any state penal institution.

"(2) A traffic infraction is a violation of any of the statutory provisions listed in subsection (c) of K.S.A. 1984 Supp. 8-2118.

"(3) All other crimes are misdemeanors."

In 1984 the Kansas Legislature amended K.S.A. 21-3105. The clear intent of that amendment was to include traffic infractions in the definition of crime. Therefore, the trial court erred in its conclusion that a traffic infraction was not a crime.

Next, the City argues that the officer's arrest of Eddy was a result of a legitimate "fresh pursuit" pursuant to K.S.A. 22-2401a. The City asserts that the officer observed a failure to signal for a turn in violation of a municipal ordinance. The record indicates that this failure to signal for a turn, coupled with the officer's observation of Eddy's vehicle stopping for a green light, led the officer to conclude that he ought to make a "car check."

K.S.A. 22-2401a governs the extraterritorial jurisdiction of municipal police officers. It provides:

"(2) Law enforcement officers employed by any city may exercise their powers as law enforcement officers:

"(a) Anywhere within the city limits of the city employing them and outside of such city when on property owned or under the control of such city; and

"(b) in any other place when a request for assistance has been made by law enforcement officers from that place or when in fresh pursuit of a person."

In addition, K.S.A. 22-2401a(6)(c) provides a definition of the term "fresh pursuit." " 'Fresh pursuit' means pursuit, without unnecessary delay, of a person who has committed a crime, or who is reasonably suspected of having committed a crime."

We conclude that the requirements of fresh pursuit were met in this case. It is clear that the officer's pursuit of the vehicle was continuous and without delay. The critical determination is whether the officer's pursuit was based upon his observation of a violation of the law or some other factor. The record supports the officer's conclusion that his pursuit was based upon his observation of a traffic infraction, which is included as a "crime" under K.S.A. 21-3105. Hence, the arrest is valid as having been made after a fresh pursuit pursuant to K.S.A. 22-2401a(2)(b).

The trial court's order sustaining the motion to suppress is reversed, and the case is remanded for further proceedings.