(95 P.3d 124)

No. 91,030

CITY OF OVERLAND PARK, KANSAS, *Appellee*, v. MATTHEW ZABEL, *Appellant.*

Opinion filed August 13, 2004. ■

*David R. Gilman*, of Overland Park, for appellant.

*Scott J. Miller*, assistant city attorney, for appellee.

Before RULON, C.J., GREEN and MARQUARDT, JJ.

RULON, C.J.: In Overland Park Municipal Court, defendant Matthew Zabel was found guilty of speeding and driving under the influence of alcohol (DUI), each charge being a violation of the ordinances of the City of Overland Park. The defendant appealed to the district court and filed a motion to dismiss the charges. The district court overruled the motion to dismiss and affirmed the convictions. Zabel appeals. We affirm.

On June 14, 2002, at approximately 2 a.m., Overland Park Police Officer Andrew Black was on the inside shoulder of the southbound lanes of Interstate 35 monitoring the speed of the southbound traffic. All of the southbound traffic that Officer Black could see from his position was within the city limits of Overland Park. The Merriam city limits were approximately a quarter mile south of Officer Black's position.

The defendant was heading south on Interstate 35 in Overland Park. Officer Black measured the defendant's speed at 74 miles per hour within the 60-mile-per-hour zone. Officer Black immediately began pursuing the defendant's vehicle, activating the lights and sirens on his patrol car. Officer Black finally caught up to defendant's vehicle on the off-ramp to Johnson Drive, where the defendant was exiting Interstate 35. The location the defendant's vehicle exited the off-ramp was within the city limits of Merriam.

Officer Black approached the vehicle and made contact with the defendant with the intent of issuing a speeding citation. Immediately upon approaching the defendant, the officer detected an odor of alcohol on the defendant's breath and noticed that the defendant's eyes were extremely red and bloodshot. The defendant had difficulty producing his driver's license for Officer Black. Officer Black asked the defendant to exit his vehicle. The defendant staggered as he exited the vehicle and held onto the car door for support and eventually failed several field sobriety tests. Needless to say, Officer Black arrested the defendant for driving under the influence of alcohol (DUI).

After the arrest, the defendant was taken back to Overland Park for further testing. The defendant took a breath test, and the results showed his alcohol level to be .220. As a result of the investigation, the defendant was charged with speeding, refusal of a preliminary breath test, and DUI, each charge being a violation of the ordinances of the City of Overland Park. The defendant was convicted of each charge by the Overland Park Municipal Court and appealed those convictions to the district court.

The defendant filed a motion to dismiss, alleging that Officer Black had no right to make an arrest for DUI or conduct a DUI investigation in Merriam and then return the defendant to Overland Park to be charged.

The district court found that Officer Black was in fresh pursuit of the defendant at the time of the initial stop for speeding. The court further found there was no jurisdictional problem with the DUI charge because the officer had observed the defendant driving in Overland Park immediately prior to the stop and detection of his impaired state. Ultimately, the court dismissed the refusal of

a preliminary breath test charge because such charge was an independent criminal offense which took place entirely within Merriam. The court found the defendant guilty of the DUI and speeding charges.

The defendant argues the Overland Park Municipal Court did not have jurisdiction to convict him of DUI because the conviction was the result of an illegal arrest.

Whether jurisdiction exists is a question of law over which this court's scope of review is unlimited. *State v. James*, 276 Kan. 737, 744, 79 P.3d 169 (2003). Whether a criminal complaint should be dismissed as a result of an illegal arrest is a matter within the discretion of the district court upon a showing of extremely compelling circumstances. *State v. Miller*, 257 Kan. 844, 854, 896 P.2d 1069 (1995).

K.S.A. 2003 Supp. 22-2401a(2) provides:

"Law enforcement officers employed by any city may exercise their powers as law enforcement officers:

(a) Anywhere within the city limits of the city employing them and outside of such city when on property owned or under the control of such city; and

(b) in any other place when a request for assistance has been made by law enforcement officers from that place or when in fresh pursuit of a person."

" 'Fresh pursuit' is 'pursuit, without unnecessary delay, of a person who has committed a crime, or who is reasonably suspected of having committed a crime.' " K.S.A. 2003 Supp. 22-2401a(7)(c).

The interpretation of a statute is a question of law. The court's review of questions of law is unlimited. See *State v. Donlay*, 253 Kan. 132, 133-34, 853 P.2d 680 (1993).

In *City of Prairie Village v. Eddy*, 14 Kan. App. 2d 661, 798 P.2d 66 (1990), the officer first stopped the defendant's car for a traffic infraction—failure to signal for a turn. The officer had observed the infraction within the city limits of Prairie Village, but the stop did not occur until the driver entered Overland Park. Once stopped, the defendant was also arrested for DUI. This court upheld the arrest as jurisdictionally valid and stated:

"We conclude that the requirements of fresh pursuit were met in this case. It is clear that the officer's pursuit of the vehicle was continuous and without delay. The critical determination is whether the officer's pursuit was based upon his observation of a violation of the law or some other factor. The record supports

the officer's conclusion that his pursuit was based upon his observation of a traffic infraction, which is included as a 'crime' under K.S.A. 21-3105. Hence, the arrest is valid as having been made after a fresh pursuit pursuant to K.S.A. 22-2401a(2)(b)." 14 Kan. App. 2d at 663.

Here, Officer Black observed the defendant speeding in Overland Park and initiated "fresh pursuit." The defendant did not stop his vehicle until he was in Merriam. Upon contact with the defendant, the officer obtained reasonable suspicion that the defendant was under the influence of alcohol. Officer Black had just observed the defendant driving in Overland Park, so there was evidence to support a DUI conviction in Overland Park. It is undisputed that no request for assistance was made by Officer Black. Because Officer Black acted in fresh pursuit there was no need for a Merriam officer to make the arrest valid.

As we understand, the defendant seems to argue that some type of extradition proceeding was necessary to return him from Merriam to Overland Park to face further testing and prosecution. Although the Kansas appellate courts have never been faced with this particular issue, the return of the defendant to the county where the violation took place has been upheld. In *City of Junction City v. Riley*, 240 Kan. 614, 731 P.2d 310, *cert. denied* 482 U.S. 911 (1987), a Junction City police officer stopped a vehicle for speeding. Although the violation took place within Junction City, the stop occurred on the Fort Riley military reservation. After the stop, the defendant was arrested for DUI and taken back to Junction City for further testing. The arrest was upheld as legal. 240 Kan. at 619.

The defendant's position would be compelling if we were dealing with two different states rather than two different municipal corporations. K.S.A. 22-2404 sets forth a clear procedure that must be followed by an officer from another state who crosses state lines in fresh pursuit of a suspect and makes an arrest here. Because there is no such statutory requirement addressing counties or municipal corporations, the lack of such a mandate in this type of case shows a legislative intent not to impose such a requirement.

The defendant argues that K.S.A. 2003 Supp. 22-2401a(2) does not give a city law enforcement officer the right to make an arrest outside of his jurisdiction. He argues that *Eddy* only gave the right

to issue a traffic infraction outside of the jurisdiction. However, in *Eddy*, we have the same situation as in the case at hand. The officer originally stopped the driver for a traffic infraction, but the stop led to an arrest for DUI. Officer Black observed the defendant driving in both Overland Park and Merriam shortly before the defendant tested over the legal limit in a breath test. Both Overland Park and Merriam had concurrent jurisdiction for the DUI. The conviction in Overland Park is valid.

Affirmed.